**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK RUDOLPH ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAN FRUCHTENICHT, et al.,<br><br>        Defendants. | No.  2:20-CV-1523-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Correctional Center in Susanville and is filing suit against Yolo County's Chief Probation Officer Dan Fruchtenicht, Supervising Probation Officer Terry M. Chadwick, and Probation Officers Gonzalez and Lara. ECF No. 1 at 3-5.  Plaintiff alleges damages arising from false statements made in a probation report resulting in his detention.  Id.  Plaintiff does not, however, specify which, if any, of the defendant's authored the probation report at issue.  Id.  Plaintiff alleges that a probation report was written on or before June 10, 2019. Id.  He contends that the contents of that report were factually inaccurate.  Id.  Plaintiff alleges that the report stated that he had failed to comply with the orders of his probation to enroll in counseling when he had in fact enrolled in and completed the mandated counseling.  Id. at 3-4.  The report also stated that plaintiff had violated his probation prior to June 10, 2019, and that there were no mitigating circumstances to his alleged violation of probation.  Id. at 4-5.  Plaintiff contends that both of those statements were untrue. Id. 4-5.  Plaintiff alleges that there were multiple probation reports submitted, one of which, dated July 6, 2019, stated that Plaintiff's probation should be reinstated, while the other, dated June 10, 2019, stated he should be sentenced to state prison for 5 years and 8 months.  Id. at 5.  Plaintiff does not identify who authored either of these reports.  Id.  Plaintiff contends that, as a result of the false claims made in the probation report, he has been wrongly incarcerated.  Id. at 3-5.

/ / /

/ / /

/ / /

/ / /

## II.  DISCUSSION

Plaintiff fails to allege sufficient facts to establish a causal link between the alleged actions and any of the defendants.  Plaintiff also fails to allege sufficient facts to find supervisory liability for defendants Fruchtenicht and Chadwick.  Further, Plaintiff's allegations do not give rise to a cognizable claim under § 1983.

### A.   Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff names four defendants in this case, Dan Fruchtenicht, Terry M. Chadwick, Gonzalez, and Lara.  At no point in Plaintiff's complaint does he identify what actions any of these defendants undertook directly.  While plaintiff does allege that a false probation report was written, he does not identify which, if any, of the defendant's authored it.  Plaintiff has failed to establish that there was any specific act done by any specific defendant named in this case.  As such, the Court finds that Plaintiff has failed to state a cognizable claim against the defendants.

/ / /

/ / /

/ / /

/ / /

3

B. **<u>Supervisor Liability</u>**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." <u>Iqbal</u>, 662 U.S. at 676.

Plaintiff names the Chief Probation Officer and a Supervising Officer in his complaint. In addition to the above failure to establish any specific acts of these defendants, supervisors in § 1983 cases generally are not liable for the acts of their subordinates. See <u>Taylor</u>, 880 F.2d at 1045. Plaintiff has failed to establish that either supervisory defendant – Fruchtenicht or Chadwick – participated in or directed any actions that resulted in any alleged deprivations. Because Plaintiff has not alleged sufficient facts to establish supervisor liability against Fruchtenicht or Chadwick, the Court finds that Plaintiff has failed to state a cognizable claim against Fruchtenicht or Chadwick.

C. **Relation to Habeas**

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Success on the merits of plaintiff's claims in this case necessarily implies that his current imprisonment is invalid. Plaintiff states that he is imprisoned as a direct consequence of the alleged falsehoods found in probation reports. For the foregoing reasons, the Court finds that Plaintiff has failed to state a cognizable claim against any of the defendants under § 1983.

///

///

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Specifically, while it may be possible to cure the defects regarding failure to allege a causal link and failure to allege sufficient facts to establish supervisory liability, the Heck-bar discussed above is fatal to plaintiff's action.

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed without leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE